McGee Brown, J.,
concurring.
{¶ 36} I concur. This is an as-applied constitutional challenge to Ohio’s statute of repose. The facts of this case are tragic, and our decision today leaves an alleged injured party with no opportunity to pursue her claim of medical negligence. However, it is unquestionably the province of the legislature to define claims and remedies under Ohio law. In this case, the General Assembly has determined that four years from the date of the alleged negligence is the appropriate timeframe in which to file a medical-malpractice claim. R.C. 2305.113(C). We cannot substitute our judgment for that of the legislature.
{¶ 37} More importantly, this court has firmly established that the right-to-remedy clause found in Article I, Section 16 of the Ohio Constitution does not bar the application of statutes of repose to undiscovered negligence. Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 149. The plain language of R.C. 2305.113(C) eliminates a claim for medical malpractice after four years, except in limited circumstances. As the majority points out, *419 Article I, Section 16 of the Ohio Constitution protects remedies, not claims. Therefore, the right-to-remedy clause simply does not apply.
{¶ 38} Belated discovery of medical negligence is a frightening proposition for anyone who has been injured by a medical professional. However, the legislature is required to balance the needs of medical professionals, who need some finality to potential litigation, with the unusual circumstance of belatedly discovered negligence. To the extent that the four-year time limit in Ohio’s statute of repose is seen as harsh, the remedy is in the legislature, not the courts. The people are responsible for their political choices. See Natl. Fedn. of Indep. Business v. Sebelius, - U.S. -, 132 S.Ct. 2566, 2579, 183 L.Ed.2d 450 (2012) (“policy judgments * * * are entrusted to our Nation’s elected leaders, who can be thrown out of office if the people disagree with them. It is not our job to protect the people from the consequences of their political choices”).
{¶ 39} The Ohio Constitution permits the General Assembly to ensure some degree of finality for prospective negligence claims. It is not for this court to determine where the legislature should draw that line. Accordingly, I concur.